# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

  v.                              CASE NUMBER: 9:23-CV-1136 (MAD/ML)

NORTHEAST OHIO CORRECTIONAL
CENTER,

---

### Order Directing Administrative Closure
### With Opportunity to Comply With Filing Fee Requirements

Plaintiff's complaint was received for filing in the Northern District of New York on September 5, 2023, along with an application to proceed in the action in forma pauperis ("IFP"). Plaintiff had not paid the filing fee for this action.[1]

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must be paid at the time an action is commenced unless the plaintiff seeks IFP status. 28 U.S.C. §§ 1914(a), 1915(a). Where a prisoner files an IFP application, Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York requires that he also submit a completed and signed inmate authorization form. N.D.N.Y. L.R. 5.1.4(b)(1)(B).

Upon review, the Court finds that, although plaintiff has filed a completed IFP application, he has not submitted a completed and signed inmate authorization form in

---

[1] The total cost for filing a civil action in this court is $402.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $52.00). Although a party (including an inmate-plaintiff) granted IFP status is not required to pay the $52.00 administrative fee, a prisoner granted IFP status is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

accordance with the Court's Local Rules.[2]

WHEREFORE, it is hereby

ORDERED that, because this action was not properly commenced, the Clerk is directed to administratively close this action;[3] and it is further

ORDERED that, if plaintiff desires to pursue this action and proceed with his IFP application, he must, **within 30 days** of the filing date of this Order, submit a completed and signed inmate authorization form;[4] and it is further

ORDERED that, upon plaintiff's compliance with this Order, the Clerk shall reopen this action and forward it to the Court for review; and it is further

ORDERED that, in accordance with the Rule 10.1(c)(2) of the Court's Local Rules, plaintiff shall promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address.  Plaintiff's failure to do so may result in the dismissal of this action; and it is further

ORDERED that the Clerk shall serve a copy of this Order on plaintiff along with a blank inmate authorization form.

**IT IS SO ORDERED**.

Dated: September 6, 2023

Mae A. D'Agostino
U.S. District Judge

---

[2]    Upon compliance with the filing fee requirements, the Court must also consider the plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

[3]    "[I]f the case is re-opened pursuant to the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed." *Vangundy v. Haque*, No. 17-CV-0024, 2017 WL 1274318, at *2, n.5 (W.D.N.Y. Jan. 20, 2017) (citing *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996)).

[4] Alternatively, plaintiff may pursue this action by paying the full $402.00 filing fee.