UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

                                        Plaintiff,

        v.                                                          9:23-CV-1136
                                                                    (MAD/ML)

NORTHEAST OHIO CORRECTIONAL CENTER,

                                        Defendant.

_____

APPEARANCES:

DAVID C. LETTIERI
Plaintiff, Pro Se
5526 Niagara Street
Lockport, NY 14095

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION AND ORDER**

**I.     BACKGROUND**

Plaintiff David Lettieri commenced this action by submitting a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to

proceed in forma pauperis.  Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application").  By Decision

and Order entered on November 7, 2023, this Court found that this action was not properly

venued in this District in light of plaintiff's claims arising during his confinement at Northeast

Ohio Correctional Center, and Northeast Ohio Correctional Center being the only defendant

named in the complaint, and therefore transferred this case to the United States District

Court for the Northern District of Ohio, Eastern Division.  Dkt. No. 10 ("Transfer Order").

Presently before the Court is plaintiff's motion seeking reconsideration of the Transfer Order.  Dkt. No. 11 ("Motion for Reconsideration").

## II.    MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[1]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Plaintiff contends in his motion that the Court erred in transferring this case because

---

[1]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

he "know[s] that this case has facts that are in Albany[,] New York" and additional discovery may warrant maintaining this case in this District.  *See* Motion for Reconsideration at 1-2.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the Transfer Order.  Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Even assuming that documents relevant to plaintiff's claims are maintained in the Northern District of New York, the sparse allegations in the complaint do not suggest that the alleged wrongdoing that forms the basis of plaintiff's lawsuit occurred anywhere other than Northeast Ohio Correctional Center, which is also the only defendant in this case.

Accordingly, plaintiff's Motion for Reconsideration is denied.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division in accordance with the Transfer Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: December 5, 2023
    Binghamton, NY

Miroslav Lovric
U.S. Magistrate Judge